# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DEREK GRIMM,**

       **Plaintiff,**

vs.                                                  Case No.: 2:13-cv-1257
                                                          JUDGE SMITH
                                                          Magistrate Judge King

**NORMAN FLEAGLE, III,** *et al.***,**

       **Defendants.**

## ORDER

On March 30, 2015, the United States Magistrate Judge issued a *Report and Recommendation* recommending that Defendants' Motion for Summary Judgment be denied. (*See Report and Recommendation*, Doc. 44).  The parties were advised of their right to object to the *Report and Recommendation.* This matter is now before the Court on Defendants' Objections to the Magistrate Judge's *Report and Recommendation*.  (*See* Doc. 45).  The Court will consider the matter *de novo*.  *See* 28 U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b)(3).

Defendants assert that the Magistrate Judge's *Report and Recommendation* is contrary to law as it pertains to Plaintiff's failure to exhaust his administrative remedies.  Defendants argued in their motion for summary judgment that Plaintiff Grimm failed to exhaust his administrative remedies by failing to file a notification of grievance with the inspector of institutional services within fourteen days following the response to his informal complaints filed on September 24, 2011, December 19, 2011, and December 29, 2011.  Plaintiff responded that he "could not risk my well-being by filing an informal complaint against Fleagle, Brown and/or Branham because

after the last grievance I filed, the supervisors did nothing to protect me." (Pl.'s Aff. At ¶ 52). The Magistrate Judge ultimately concluded that there remains a genuine issue of material fact as to whether the grievance process was available to him. Defendants maintain in their objections that Plaintiff has failed to exhaust his administrative remedies, that he cannot be excused from this requirement and that this is a matter for the Court to decide as a matter of law.

Despite Plaintiff's argument that he was fearful to file additional informal complaints following the two filed in December, he did file an additional informal complaint on January 5, 2012. He does not offer any explanation as to why he could not have filed a grievance with the inspector following the September 24th informal complaint. Further, Plaintiff does not offer any explanation as to why he could not have filed a grievance with the inspector of institutional services for the December informal complaints. The Court agrees with Defendants that the aforementioned does not support Plaintiff's contentions that he felt threatened.

Defendants rely on *Arbuckle v. Bouchard*, 92 Fed. Appx. 289 (6th Cir. 2004), which held that the "PLRA does not excuse exhaustion for prisoners under imminent danger of serious physical injury. *See* 42 U.S.C. § 1997e." However, the Magistrate Judge relied on *Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 578 (6th Cir. 2014), which more recently held that even if assuming plaintiff Himmelreich's allegations of intimidation are true at this stage in the proceedings, then he has demonstrated a genuine issue of material fact as to whether he was prevented from exhausting his administrative remedies. The Sixth Circuit further rejected the government's argument that plaintiff's filing of other administrative complaints, near the time that he claims he was being threatened, prevent a finding of intimidation. *Id.*

Therefore, although this case is very close and Defendants raise some valid arguments, the Court nonetheless finds that for the reasons stated in the *Report and Recommendation*, Defendants' objections are **OVERRULED**.

The *Report and Recommendation,* Document 44, is **ADOPTED** and **AFFIRMED.**

The Clerk shall remove Documents 28, 44 and 45 from the Court's pending motions list.

**IT IS SO ORDERED**.

*/s/ George C. Smith*_____
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**